UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT HOWARD,

        Petitioner,

v.                                               Case Number: 1:12-cv-10657-BC
                                               Honorable Thomas L. Ludington

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR A WRIT OF HABEAS CORPUS, DENYING
PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Michigan prisoner, Robert Howard ("Petitioner"), currently incarcerated by the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed this habeas petition under 28 U.S.C. § 2254 challenging his 2009 guilty plea-based convictions for assault with intent to commit murder and felony firearm in the Circuit Court in Wayne County, Michigan. Petitioner was sentenced to six to twenty years in prison for the assault conviction, consecutive to the mandatory two years in prison for the felony-firearm conviction. Because he has not exhausted his state-court remedies, the petition will be dismissed without prejudice and a certification of appealability will not be issued. Petitioner's motion for a stay of the proceedings will also be denied.

**I**

On December 2, 2009, Petitioner pleaded guilty to the above-stated offenses and was sentenced as described on December 17, 2009. He subsequently filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising the following claims: (1) he is entitled to

withdraw his plea because there was a lack of a factual basis to support a finding of specific intent to kill, and (2) he is entitled to withdraw his plea because his counsel was ineffective. On April 14, 2011, the Court of Appeals denied his delayed application. *People v. Howard*, No. 301673 (Mich. Ct. App. Apr. 14, 2011). He then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, raising the same claims and adding the following two new claims: (1) he is entitled to withdraw his plea because the presentence report was inaccurately scored, and (2) he is entitled to withdraw his plea because he is innocent. The Michigan Supreme Court denied the application on September 26, 2011. *People v. Howard*, 803 N.W.2d 685 (2011).

Petitioner did not file a post-conviction motion with the state trial court. Rather, on February 14, 2012, he filed the instant petition, raising the same claims raised in both state appellate courts.

**II**

A district court promptly examines a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254. If a petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *Id.* at 845. This means that state prisoners in Michigan must present their habeas claims to both the Michigan Court of Appeals and the Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *See*

*Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003). A habeas petitioner has the burden of proving that he or she has exhausted his or her state-court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state-court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state-court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir.1987). Petitioner has not done so in this case.

Here, because Petitioner did not raise the two additional claims raised in his application for leave to appeal with the Michigan Supreme Court with the Michigan Court of Appeals, his claims are unexhausted. Nonetheless, the Michigan Court Rules provide a process through which he may raise those claims. Petitioner can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on his claims. He then may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v.*

*Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 n.3 (6th Cir. 1995).

Therefore, Petitioner's unexhausted claims must first be addressed to, and considered by, the state courts in the first instance.

Additionally, the Court finds that a stay is not necessary in this case. Petitioner's convictions became final on December 25, 2011, when the time for filing a petition for certiorari in the Supreme Court expired. This Court is dismissing the petition without delay so Petitioner can return to the state courts to exhaust his unexhausted claims. The one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by the petitioner. *See* 28 U.S.C. § 2244(d)(2). Because Petitioner has approximately eight months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of his state post-conviction proceedings, he will not be prejudiced if his habeas petition is dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for his claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 846 (E.D. Mich. July 23, 2001). Accordingly, the Court will dismiss the instant petition without prejudice and will deny Petitioner's motion for a stay.

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U . S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional

right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court declines to issue a certificate of appealability.

### III

It is **ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Petitioner's motion to hold his habeas petition in abeyance (ECF No. 5) is **DENIED**.

It is further **ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Robert Howard, #413048, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on May 11, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS